Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>TAX DEFENDER USA LLC, a New York limited liability company, TAX DEFENDER LLC, a New York limited liability company, d/b/a/ Tax Defender USA, and JOHN DOE, an unknown business entity<br><br>            Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **CLASS ACTION COMPLAINT**

1.      Plaintiff POONAM SUBBAIAH ("Plaintiff") brings this Class Action

Complaint and Demand for Jury Trial against Defendant TAX DEFENDER LLC d/b/a

TAX DEFENDER USA, TAX DEFENDER USA LLC (together, "Tax Defender") and

Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal

practice of making telephone solicitations to consumers who have registered their

telephone numbers on the National Do-Not-Call Registry, as well as to stop their illegal

practice of recording telephone calls with California residents without their consent, and

to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows

upon personal knowledge as to herself and her own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by her

attorney.

### **NATURE OF THE ACTION**

2.      Congress enacted the Telephone Consumer Protection Act ("TCPA") in

1991 in an effort to address a growing number of telephone marketing calls and certain

telemarketing practices thought to be an invasion of consumer privacy and even a risk to

public safety. Congress found that these calls were not only a nuisance and an invasion

of privacy to consumers specifically but were also a threat to interstate commerce

generally.  See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N.

1968, 1969-71.

3. Tax Defender is a tax debt relief service. As a part of their marketing, Defendants made telephone solicitations to thousands of consumers who have registered their telephone numbers on the National Do-Not-Call Registry.

4. Defendants did not obtain the consumers' prior express invitation or permission to make these telephone solicitations and, therefore, are in violation of the TCPA, 47 U.S.C. § 227(c).

5. Defendants also violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7, each time they secretly recorded a phone call to or from a California resident.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Classes.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop their unlawful acts, as well as an award of statutory damages to members of the Classes, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff POONAM SUBBAIAH is a natural person and a citizen of Laguna Niguel, California.

9. Defendant TAX DEFENDER LLC d/b/a Tax Defender USA is a New York limited liability company with its principal place of business at 40 Wall St, Suite 3100, New York, NY 10005.

10.     Defendant TAX DEFENDER USA LLC is a New York limited liability company with its principal place of business at 40 Wall St, Suite 3100, New York, NY 10005.

11.     Defendant John Doe is an unknown business entity.

### JURISDICTION AND VENUE

12.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13.     This Court has supplemental jurisdiction over Plaintiff and Class members' state law claims, under 28 U.S.C. § 1367(a), because they arise from the same violative calls that give rise to their TCPA claims and involve similar conduct of Defendants invading their privacy.

14.     This Court has specific jurisdiction over Defendants because they placed the offending phone calls to Plaintiff, and this case arises out of business directed to consumers in this District.

15.     Plaintiff's phone number has a local 424 area code and Tax Defender used a number with the same area code when placing calls to Plaintiff. Upon information and belief, Tax Defender buys phone numbers with local area codes to mislead consumers into believing that they are doing business with a local business entity. Therefore, Tax Defender has purposefully directed its activities towards the state of California by

purchasing and using local California area codes to solicit and do business with consumers in California.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim, as well as injuries to the Plaintiff and Class members, occurred in this District.

## COMMON FACTUAL ALLEGATIONS

17.     Defendant Tax Defender sells tax debt relief services.

18.     Upon information and belief, Tax Defender contracted with John Doe, believed to be a third-party lead generating call center to place calls to thousands of phones numbers of Plaintiff and the Classes.

19.     The calls were unsolicited and advertised tax debt relief services on behalf of Tax Defender. Consumers were cold called by John Doe and had not previously provided John Doe with their phone numbers.

20.     The calls made by John Doe resulted in "leads" which were then sold to Tax Defender for further solicitation.

21.     Tax Defender then directly made telephone solicitations to consumers whose information was provided through such leads.

22.     Tax Defender failed to obtain consumers' express invitation or permission per 47 C.F.R. § 64.1200(c)(2)(ii) prior to making such telephone solicitations.

23.     Tax Defender did not have an established business relationship with Plaintiff and the Classes prior to making such telephone solicitations.

CLASS ACTION COMPLAINT            4            _____

24.     Tax Defender records calls with consumers without informing them or obtaining their consent.

## FACTS SPECIFIC TO PLAINTIFF

25.     At all relevant times, Plaintiff is the regular and sole user of her telephone number (424) 209-XXXX.

26.     Plaintiff uses her telephone number as a personal residential telephone number.

27.     Plaintiff registered her telephone number with the Federal Do Not Call ("DNC") Registry on September 18, 2020.

28.     On or around March 14, 2022, Plaintiff started to receive unsolicited phone calls from Defendants.

29.     Between March 14, 2022, and April 22, 2022, Defendants called Plaintiff 8 (eight) times.

30.     On two of the calls Plaintiff answered, Defendants identified their company by name and address.

31.     On April 20, 2022, Plaintiff requested Defendants stop calling her. However, Plaintiff received additional calls on April 21, 2022, and April 22, 2022.

32.     Plaintiff sent a letter by mail to Tax Defender requesting a copy of their telemarketing policy, but Plaintiff never heard back.

33.     Plaintiff never provided express invitation or permission to receive calls

from Defendants. Plaintiff had never heard of Defendants and had no relationship

whatsoever with Defendants prior to these interactions.

34.     Defendants' calls violated Plaintiff's statutory rights and caused actual and

statutory damages.

35.     In addition to causing statutory damages, these illegal calls caused

annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff.

36.     Defendants were also recording the calls without informing Plaintiff or

obtaining her consent, which constituted another invasion of Plaintiff's right to privacy.

## CLASS ALLEGATIONS

37.     Class Definitions: Plaintiff brings this action pursuant to Federal Rule of

Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the classes ("Classes")

defined as follows:

**DNC List Class**. All persons in the United States who: (1) from the last 4
years to present (2) received at least two phone calls within a 12-month period;
(3) on his or her telephone number that was registered on the Do Not Call list;
(4) for the purpose of selling Defendants' products and/or services and (5) did
not provide their phone number to Defendants.

**Recording Class**. All individuals present in California whose cellular
telephone or cordless telephone communications were recorded by
Defendants.

38.     The following people are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendants,

Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the

Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.    **Numerosity**: The exact number of members of the Classes is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes may be identified through Defendants' records.

40.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and members of the Classes sustained damages arising out of Defendants' uniform wrongful conduct, including placing and recording telephone calls without consent.

41.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Classes. Plaintiff and her

counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so.

42. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  a. Whether Defendants obtained prior express invitation or permission for the calls;

  b. Whether Defendants maintain and train on a written telemarketing policy;

  c. Whether Defendants' conduct was *willing* and/or *knowing*;

  d. Whether members of the DNC Class are entitled to treble damages;

  e. Whether Defendants recorded calls without permission.

CLASS ACTION COMPLAINT   8

44.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Classes are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

<u>**First CAUSE OF ACTION**</u>
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the DNC Class)**

47.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.     Defendants are "persons" under the TCPA, 47 U.S.C. § 153(39).

49.     The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

50.     Defendants called Plaintiff's and the Class members' DNC-registered telephones twice or more within a twelve-month period without having their prior written consent to do so and without an established business relationship.

51.     Defendants' calls were made for the commercial purpose of soliciting Defendants' tax debt relief services.

52.     The foregoing acts and omissions of Defendant and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

53.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

54.     Plaintiff requests that the Court award treble damages of $1,500 because the violations were knowing and/or willful. 47 U.S.C. § 227(c)(5).

55.     Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to telephone numbers listed on the Federal Government's National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
**Violation of § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(On behalf of Plaintiff and the DNC Class)**

56.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57.     Defendants are "persons" under the TCPA, 47 U.S.C. § 153(39).

58.     47 CFR § 64.1200(d)(1) requires that Defendants maintain a written policy, available upon demand, for maintaining a do-not-call list.

59.     Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

60.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

61.     Plaintiff requests that the Court treble damages to $1,500 because the violations were knowing and/or willful violation. 47 U.S.C. § 227(c)(5).

62.     Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written policy for maintaining a do-not-call list.

**THIRD CAUSE OF ACTION**
**Violation of § 64.1200(d)(2)**
**Failure to Train Telemarketing Personnel**
**(On behalf of Plaintiff and the DNC Class)**

63.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64.     Defendants are "persons" under the TCPA, 47 U.S.C. § 153(39).

65.     47 CFR § 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

66.     Defendants did not do so, resulting in violations against Plaintiff.

67.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B). Plaintiff requests that the Court treble damages to

$1,500 because each violation was knowing and/or willful violation. 47 U.S.C. § 227(c)(5).

68.     Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

## FOURTH CAUSE OF ACTION
### California Invasion of Privacy Act
### Cal. Penal Code § 632.7
### (On behalf of the Call Recording Class Against Defendants)

69.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70.     Plaintiff answered seven (7) calls made by Defendants. On each of these calls, Plaintiff spoke to Defendants using her cellular telephone.

71.     Defendants made recordings of the calls.

72.     Defendants failed to disclose to Plaintiff that the calls were being recorded.

73.     At no time did Plaintiff ever provide actual or constructive consent to Defendants to record the telephone calls.

74.     At no point did Plaintiff have a reasonable expectation that any of the calls with Defendants, that were initiated by Defendants, were being recorded.

75.     It is Defendants' pattern and practice to record calls made to California residents without warning that the calls will be recorded.

76.     Plaintiff did not learn that the Defendants recorded the phone calls until Plaintiff read an affidavit filed by Defendants' employee in another TCPA lawsuit against Tax Defender LLC. In the affidavit, Tax Defender's Executive Assistant, Kristen

Seymour, declared under penalty of perjury that "Tax Defender, as a matter of policy, records its calls made to customers and potential customers." (*See* Exhibit A.)

77.    Plaintiff seeks $5,000 per violation in damages, as provided by Cal. Penal Code § 637.2 and injunctive relief under this section.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of the Classes, prays for the following relief:

a.    An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing her counsel as Class Counsel;

b.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

c.    An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly, and an award trebling statutory damages;

d.    An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(1) and (2);

e.    An injunction requiring Defendants to cease all unlawful calls and recordings without first obtaining the recipients' consent, and otherwise protecting interests of the Class;

f.    Such other and further relief that the Court deems reasonable and just.


Dated: July 18, 2023            Respectfully submitted,


By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office

CLASS ACTION COMPLAINT            13

3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff*
and the Putative Classes