MANTEAU DOWNES LLP
Patrick N. Downes (CSB #186461)
pdownes@manteaudownes.com
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Telephone: 310.497.1780
Facsimile: 310.461.1304

Attorneys for Defendants TAX DEFENDER USA LLC and TAX DEFENDER LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAX DEFENDER USA LLC, a New York limited liability company; TAX DEFENDER LLC, a New York limited liability company, d/b/a Tax Defender USA, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No. 8:23-cv-01287-JWH (KESx)<br><br>**DEFENDANTS TAX DEFENDER USA LLC AND TAX DEFENDER LLC's ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

For their answer to plaintiff Poonam Subbaiah's ("Plaintiff") Class Action Complaint ("Complaint") (ECF No. 1), defendants Tax Defender USA LLC and Tax Defender LLC d/b/a Tax Defender USA ("Defendants") admit, deny and allege as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, deny the same.

2. The statements in Paragraph 2 are legal conclusions which require no response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, deny the same.

3. Defendants admit that Tax Defender is a tax debt relief service. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, deny the same.

9. Defendants admit except deny since that address is no longer current.

10. Defendants admit except deny since that address is no longer current.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants admit the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. The statements in Paragraph 16 are legal conclusions which require no response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants admit the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 20 of the Complaint and, therefore, deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, deny the same.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny the same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny the same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny the same.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny the same.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff had no prior relationship with Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, therefore, deny the same.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny the same.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 37 of the Complaint and, therefore, deny the same.

38. Defendants admit the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, therefore, deny the same.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. There is no Paragraph 45 in the Complaint.

46. There is no Paragraph 46 in the Complaint.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendants repeat and reallege their answers to the preceding allegations.

48. Defendants admit the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny the same.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants admit the truth of the allegations contained in Paragraph 51 of the Complaint but deny calling plaintiff.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, therefore, deny the same.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendants repeat and reallege

their answers to the preceding allegations.

57. Defendants admit the truth of the allegations contained in Paragraph 57 of the Complaint.

58. The statements in Paragraph 58 are legal conclusions which require no response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, deny the same.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, therefore, deny the same.

63. Answering Paragraph 63 of Plaintiff's Complaint, Defendants repeat and reallege their answers to the preceding allegations.

64. Defendants admit the truth of the allegations contained in Paragraph 64 of the Complaint.

65. The statements in Paragraph 65 are legal conclusions which require no response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, therefore, deny the same.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and, therefore, deny the same.

69. Answering Paragraph 69 of Plaintiff's Complaint, Defendants repeat and reallege their answers to the preceding allegations.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit the truth of the allegations contained in Paragraph 73 of the Complaint but deny calling plaintiff.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 76 of the Complaint that "Plaintiff did not learn that the Defendants recorded phone calls until Plaintiff read an affidavit filed by Defendants' employee in another TCPA lawsuit against Tax Defender LLC," and, therefore, deny the same. Defendants admit the truth of the remaining allegation in Paragraph 76 of the Complaint.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, therefore, deny the same.

## AFFIRMATIVE DEFENSES

By alleging the defenses herein, Defendants intend no alteration of any burden of proof that otherwise exists with regard to the claims in the Complaint. All defenses are pled in the alternative and do not constitute an admission either of liability or as to whether Plaintiff is entitled to any relief, which is denied. Defendants incorporate by reference the previous answers to the Complaint as if fully set forth herein.

### First Affirmative Defense

(Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, by her failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### Second Affirmative Defense

(Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (to establish standing Plaintiff must show that she suffered (1) an injury in fact that is concrete, particularized, and actual or

imminent; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief).

Third Affirmative Defense

(Prevention)

Defendants have established and implemented, with due care, reasonable practices, training, and procedures to effectively prevent telephone solicitations and/or calls in violation of the TCPA and/or in violation of the regulations prescribed under the TCPA.

Fourth Affirmative Defense

(Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations.

Fifth Affirmative Defense

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands and Plaintiff is estopped from claiming any damages, or has otherwise waived any such claims or damages, to the extent Plaintiff has attempted to induce Defendants to violate the TCPA by specifically requesting that Defendants contact Plaintiff on her cell phone, and therefore assisted, directed, ordered, approved and/or ratified Defendants' conduct by specifically requesting that Defendants contact Plaintiff on her cell phone and Defendants relied on Plaintiff's actions to their detriment.

Sixth Affirmative Defense

(Consent)

Plaintiff's claims are barred, in whole or in part, because at all times Plaintiff provided, invited or gave express or implied consent, invitation, or permission to Defendants' conduct as described in the Complaint including, but not limited to, by providing her cellular telephone numbers and agreeing to receive text messages. The Complaint and each cause of action contained therein are barred as a matter of law.

Seventh Affirmative Defense

(Failure to Exercise Reasonable Care)

Plaintiff, by her own actions and conduct, has failed to exercise reasonable care and

diligence on her own behalf, thereby causing or contributing to her alleged injuries and damages, if any. Plaintiff's recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by her own acts and conduct.

Eighth Affirmative Defense

(Indispensable Parties)

Plaintiff has failed to name all necessary and indispensable parties to this action.

Ninth Affirmative Defense

(Comparative/Contributory Fault of Plaintiff)

No act or omission of Defendants was a substantial factor in bringing about the damages alleged, nor was any act or omission of Defendants a contributing cause thereof. Any alleged acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff, or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were caused and/or contributed to, in whole or in part, by the actions of parties other than Defendants or for whom Defendants have no control and/or who may have called Plaintiff identifying Defendants' services, goods or products without Defendants' consent or knowledge.

Tenth Affirmative Defense

(Lack of Capacity)

The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers and/or the equipment lacks current capacity to generate and dial random or sequential numbers.

Eleventh Affirmative Defense

(Third Party Comparative/Contributory Fault)

Plaintiff cannot hold Defendants liable for alleged violations of the TCPA for the alleged conduct of a third party, as Defendants are not vicariously liable for such conduct. Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to

the wrongful conduct or negligent conduct of persons or entities other than Defendants, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative/contributory fault.

<u>Twelfth Affirmative Defense</u>

(Mistake)

To the extent Defendants violated the law – which they deny – any such violations were neither intentional nor willful and were due to bona fide errors despite procedures designed to prevent such errors.

<u>Thirteenth Affirmative Defense</u>

(Lack of Standing)

Plaintiff lacks standing to bring a claim on behalf of any putative class members outside the specific calling campaign that she claims to be a part of and lacks standing to bring a claim on behalf of any putative class members outside the state of California.

<u>Fourteenth Affirmative Defense</u>

(47 U.S.C. § 227(b)(1)(A)(iii))

Plaintiff's claims are barred to the extent Plaintiff was not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

<u>Fifteenth Affirmative Defense</u>

(Violation of Due Process)

To the extent the TCPA is applied against Defendants in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution, and Due Process Clause of the Fourteenth Amendment of the United States Constitution.

<u>Sixteenth Affirmative Defense</u>

(Excessive Fines)

To the extent the TCPA is applied against Defendants in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question,

the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

Seventeenth Affirmative Defense

(Good Faith)

At all times relevant to the matters alleged in the Complaint, Defendants acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff. The acts and statements of Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants. Defendants acted with a good faith cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Consequently, Plaintiff is not entitled to any damages whatsoever.

Eighteenth Affirmative Defense

(Waiver)

Plaintiff's claims are barred to the extent they are subject to any agreement prohibiting such claims, including agreements containing a class action waiver or otherwise requiring arbitration of the claims.

Reservation of Rights to Allege Other Affirmative Defenses

Defendants are entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute governing the claims asserted in this action. Moreover, certain additional defenses to the Class Action Complaint and to the asserted claims for relief stated therein may be available to Defendants. These additional defenses, however, may require discovery before they may be properly alleged. Defendants intend to rely on any other defenses that may become available or apparent during the course of discovery or their investigation of Plaintiff's claims and thus reserve their right to amend their Answer and Affirmative Defenses to include such defenses to Plaintiff's claims and/or any claims of any putative class member.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, having fully replied to the Complaint, request that Judgment

be entered in their favor and against Plaintiff as follows:

1. That Plaintiff take nothing by virtue of the Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. That judgment enter in favor of Defendants;

4. For costs and disbursements incurred herein, including attorneys' fees and costs; and

5. For such other relief as the Court may deem appropriate.

Dated: September 15, 2023

MANTEAU DOWNES LLP

By: [signature]

Patrick N. Downes
Attorney for Defendants Tax Defender USA LLC and Tax Defender LLC

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this proceeding. My business address is 1901 Avenue of the Stars, Suite 200, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled DEFENDANTS TAX DEFENDER USA LLC AND TAX DEFENDER LLC's ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT will be served in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 15, 2023, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Mark Louis Javitch / Attorney for Plaintiff
mark@javitchlawoffice.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Melissa Moore*
Melissa Moore