Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAX DEFENDER USA LLC, et. al.<br><br>Defendants. | Case No.:  8:23-cv-01287-JWH-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: October 27, 2023<br>Time: 11:00 AM |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, this Court's Order Setting Scheduling Conference, (Dkt. 17), Plaintiff POONAM SUBBAIAH, ("Plaintiff") Defendant TAX DEFENDER USA, LLC, ("Tax Defender USA") and Defendant TAX DEFENDER LLC, ("Tax Defender LLC", or together, "Parties") hereby submit this Joint Case Management Statement in advance of the Initial Case Management Conference.

The Parties met and conferred on September 29, 2023 regarding the nature and basis of their respective claims and defenses, the possibilities for promptly settling or resolving the case, the timing of disclosures under Rule 26(a)(1), the need to preserve discoverable information, and a proposed discovery plan in this matter.

Pursuant to the Court's Order Setting Scheduling Conference dated September 19, 2023 ("Scheduling Conference Order"), the Parties have conferred regarding the proposed date and length of the trial, whether the trial will be a jury or non-jury trial, and whether the Parties prefer the Court Mediation, Panel or private mediation.

In addition, pursuant to Local Rule 26-1 of the Local Rules of the U.S. District Court of the Central District of California, the Parties have conferred regarding whether all or part of the procedures of the Manual for Complex Litigation should be utilized; the dispositive or partially dispositive motions made or anticipated, and a cutoff date by which all such motions shall be made; the likelihood of appearance of additional parties; and the timing of expert disclosures under Rule 26(a)(2).

1. **Statement of the Case**

<u>Plaintiff's Position:</u>

Plaintiff brings this class action on behalf of herself and all others similarly who received illegal telemarketing calls that were illegally recorded. Plaintiff alleges that she received unsolicited telemarketing phone calls while she was registered on the Federal

Do Not Call list. On the call, Plaintiff was solicited for Defendants' products or services. Later, Plaintiff discovered that the calls had been illegally recorded.

<u>Defendants' Position:</u>

Defendants use a third-party vendor to make phone calls and that vendor has no records indicating Defendants ever called the plaintiff. Defendants do not believe they called her.

**2.   Subject Matter Jurisdiction**

The Court has federal question jurisdiction under the TCPA, a federal statute. The Court may exercise supplemental jurisdiction over the CIPA claim, a state law claim.

**3.   Legal Issues**

The parties anticipate that the case will involve the following legal issues:

a) Whether Defendants telephoned plaintiff;

b) Whether Defendants checked the Federal Do Not Call registry prior to placing telemarketing calls;

c) Whether Defendants obtained express written consent prior to placing telemarketing calls;

d) Whether Defendants recorded phone calls without permission;

e) Whether the violations were knowing and/or willful; and

f) Whether Plaintiff and the putative class are entitled to up to treble damages

### 4. Parties

Plaintiff Subbaiah will testify about her receiving telemarketing phone calls, her registration on the Federal Do Not Call registry, and her later learning that the calls were recorded. Plaintiff can produce her phone logs and/or call screenshots. Plaintiff seeks evidence from Defendants regarding their phone calls, recordings, and their detailed phone logs.

### 5. Damages

Plaintiff's Position:

Plaintiff and the DNC Class seek $500 for each violation of the TCPA or $1,500 for each willful and/or knowing violation multiplied by the number of calls made. Plaintiff and the Recording Class also seek $5,000 per violation of CIPA. Further, Plaintiff seeks to enjoin Defendants from making unlawful telemarketing calls and illegally recording them. Plaintiff also seeks attorney's fees, costs and expenses if any award is reached on behalf of the class.

Defendants' Position:

Defendants do not believe they called plaintiff.

### 6. Insurance

Plaintiff's Position:

Plaintiff does not possess any insurance cover applicable to the claims at issue.

Defendants' Position:

Defendants lack any applicable insurance coverage.

**7.     Motions**

There are no pending motions at this time.

<u>Plaintiff's Position:</u>

Plaintiff may seek to amend the Complaint to name the identity of Defendant John Doe when it is revealed by the other Defendants. Plaintiff may also need to amend the class definitions as identified during discovery. Plaintiff will also move for class certification and summary judgment.

<u>Defendant's Position:</u>

Defendants will move for summary judgment since their phone records do not reveal any contact with plaintiff.

**8.     Complexity**

The Parties do not believe this case is appropriate for treatment under the Manual of Complex Litigation.

**9.     Status of Discovery**

No discovery has been conducted yet. Plaintiff will issue written discovery requests after the parties hold their initial meet and confer.

**10.    Discovery Plan**

The parties do not request any departure from the federal rules. Plaintiff anticipates the need for electronic, written, and oral discovery. Plaintiff will retain an expert witness

in support of class certification. Plaintiff opposes any request to bifurcate or delay discovery. The parties propose completing Rule 26 initial disclosures by October 27, 2023. The parties propose the other case deadlines attached in Exhibit "A".

**11.   Discovery Cut-off**

The parties propose the Discovery Cut-off deadlines as attached in Exhibit "A".

**12.   Expert Discovery**

The parties propose the Expert discovery deadlines as attached in Exhibit "A".

**13.   Dispositive Motions**

The parties anticipate that a motion for summary judgment may be appropriate regarding the following issues:

(1) Whether Defendants illegally recorded phone calls;

(2) Whether Defendants obtained express written consent or checked the Federal Do Not Call registry prior to placing telemarketing calls; and

(3) Whether Defendants telephoned plaintiff.

**14.   Alternative Dispute Resolution ("ADR") Procedure Selection**

The parties suggest ADR Procedure No. 2, a neutral mediator selected from the Court's Mediation Panel.

**15.   Joint Trial Estimate**

Plaintiff has made a proper jury trial demand. The parties expect that a class action trial in this case will take approximately 7 (seven) days, or, if a class has not been

certified, 3 (three) or 4 (four) days for trial of Plaintiff's individual claims. Plaintiff expects that he will testify at trial and will likely call Defendants' corporate representative(s) to testify. Defendants would likely call one of its employees sufficiently competent to testify about their customer records, along with Defendants telephone support vendor. Additional fact witnesses are likely to become known throughout the discovery process.

### 16. Trial Counsel

<u>Plaintiff's Trial Counsel</u>: Mark L. Javitch

<u>Defendant Trial Counsel</u>: Patrick N. Downes

### 17. Independent Expert or Master

The Parties do not believe this case would benefit from an independent expert or master.

### 18. Timetable

See Exhibit "A" Attached for the Proposed Schedule of Pretrial and Trial Dates.

### 19. Amending Pleadings and Adding Parties

The parties propose the deadline to amend without leave to amend as stated in Exhibit "A" is December 8, 2023.

### 20. Other Issues

The parties do not anticipate any other orders the Court should make at this time.

### 21. Consent to Proceed Before a Magistrate Judge

Plaintiff consents to proceed before a magistrate judge. Defendant does not consent to proceed before a magistrate judge.

Dated: October 5, 2023      Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch

*Attorneys for Plaintiff*
and the putative class

Dated: October 5, 2023      Respectfully submitted,

By: /s/ Patrick Downes
Patrick Downes

*Attorneys for Defendants*

# EXHIBIT A
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

CASE NAME: Subbaiah v. Tax Defender USA LLC, et. al.
CASE NO: 8:23-cv-01287-JWS-KEH

| Last Day to: | [Proposed] Deadline |
|---|---|
| Amend Parties and Pleadings | December 8, 2023 |
| Fact Discovery Cut-Off | October 8, 2024 |
| Serve Initial Expert Reports | December 6, 2024 |
| Serve Rebuttal Expert Reports | January 8, 2024 |
| Motion for Class Certification | January 22, 2025 |
| Opposition on Certification | February 19, 2025 |
| Reply to Certification | March 5, 2025 |
| Conduct Settlement Proceedings | March 12, 2025 |
| Expert Discovery | March 19, 2025 |
| File Daubert Motions | March 26, 2025 |
| Motions in Limine | April 16, 2025 |
| Pre-Trial Conference (Friday) | May 15, 2025 |
| Jury Trial (9:00 a.m.) | June 1, 2025 |