Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff
And the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAX DEFENDER USA LLC, et al.,<br><br>Defendants. | Case No.: 8:23-cv-01287-JWH-KES<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After receiving a barrage of unsolicited phone calls, Plaintiff POONAM SUBBAIAH ("Plaintiff") filed this TCPA lawsuit naming as defendants Tax Defender USA, LLC, Tax Defender LLC, (together, "Tax Defender"), and John Doe 1. *See* Dkt. # 1 ("Complaint"). Tax Defender did not disclose its calling vendor to Plaintiff, but Plaintiff undertook diligent efforts to find out how she was called by issuing two subpoenas, one to "Twilio" and one to "Phone Burner."

Responses from Phone Burner indicate the propriety naming additional defendants CAHILL CAPITAL INC., a Florida corporation, CAHILL FINANCIAL GROUP MANAGEMENT LLC, a Florida limited liability company, (together, "Cahill Financial") and THOMAS CAHILL, ("Mr. Cahill") an individual, as individuals and entities responsible for setting up the Phone Burner account which was used to solicit Plaintiff for tax relief services in violation of 227(c). Accordingly, Plaintiff brings leave to amend to file the First Amended Complaint to update the Court with facts to reflect the new allegations and defendants. Prior to filing this motion, counsel met and conferred with opposing counsel for Defendant Tax Defender, and Tax Defender states that its position on this motion is "unopposed." *See* Javitch Decl. ¶ 5.

### II. BACKGROUND & PROCEDURAL HISTORY

Thomas Cahill is the operator of several businesses that sell tax debt relief services. Proposed FAC at ¶¶ 19-20. Mr. Cahill set up an account with a mass dialing system known

as Phone Burner. *Id*. at ¶ 21. Phone Burner is a system that is used to make a large volume of calls automatically. *Id*. at ¶ 22. Mr. Cahill set up an account for Tax Defender and Cahill Financial. *Id*. at ¶ 23. Cahill uploaded lists of consumers to Phone Burner and he and his employees began making unsolicited calls en masse. *Id*. at ¶ 24. The calls advertised tax debt relief and other services on behalf of Tax Defender and Cahill Financial. *Id*. at ¶ 25. Consumers, such as Plaintiff, who were registered on the Do Not Call list, were "cold called" *en masse* by Cahill and his employees. *Id*. at ¶ 26. The calls resulted in "leads" of people who were then solicited by Tax Defender and Cahill Financial. *Id*. at ¶ 27.

Plaintiff is the regular and sole user of her telephone number (424) 209-XXXX. *Id*. at ¶ 31. Plaintiff uses her telephone number as a personal residential telephone number. *Id*. at ¶ 32. Plaintiff registered her telephone number with the Federal Do Not Call ("DNC") Registry on September 18, 2020. *Id*. at ¶ 33.

On or around March 14, 2022, Plaintiff started to receive unsolicited phone calls from Defendants. *Id*. at ¶ 34. Between March 14, 2022, and April 22, 2022, Defendants called Plaintiff 8 (eight) times. *Id*. at ¶ 35. On two of the calls, Plaintiff answered, and Defendants identified their company by name and address. *Id*. at ¶ 36. On April 20, 2022, Plaintiff requested Defendants stop calling her. However, Plaintiff received additional calls on April 21, 2022, and April 22, 2022. *Id*. at ¶ 37. Plaintiff sent a letter by mail to Tax Defender requesting a copy of their telemarketing policy, but Plaintiff never heard back. *Id*. at ¶ 38. Plaintiff never provided express invitation or permission to receive calls from Defendants. *Id*. at ¶ 39.

On November 22, 2023, Plaintiff served a subpoena commanding production of documents on non-party Phone Burner. *See* Javitch Decl., ¶ 6. On December 8, 2023, Plaintiff received a response from non-party Phone Burner. *Id*. at ¶ 7.

## III. LEGAL STANDARD

Fed. R. Civ. P. 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court has explained that Rule 15's objective is to give a plaintiff "an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. PROPOSED FIRST AMENDED COMPLAINT

The proposed changes to the Complaint are as follows:

| Page: Line | Description |
|---|---|
| 1:6-7 | Add "CAHILL CAPITAL INC., a Florida corporation, CAHILL FINANCIAL GROUP MANAGEMENT LLC, a Florida limited liability company, and THOMAS CAHILL, an individual. Delete "John Doe 1" |
| 2:1 | Add "and CAHILL FINANCIAL" |
| 3:5-16 | Add "11. Defendant CAHILL CAPITAL INC. is a Florida corporation with its principal place of business located at 3901 NW 79th Ave, Ste 245 #3926, Miami, FL, 33166.<br>12. Defendant CAHILL FINANCIAL GROUP MANAGEMENT LLC is a Florida limited liability company with its registered agent designated as URS Agents, LLC, 3458 Lakeshore Drive, Tallahassee FL, 32312. |

| | |
|---|---|
| | 13. Defendant THOMAS CAHILL is an individual residing in Staten Island, New York" <br> Delete "Defendant John Doe is an unknown business entity." |
| 4:2-3 | Add "a consumer residing" <br> Delete "and this case arises out of business directed to consumers" |
| 4:7 | Delete "Tax Defender buys" <br> Add "Defendants buy" |
| 4:19-26 | Delete "Defendant Tax Defender sells" <br> Add "Defendants sell" <br> Delete "Upon information and belief, Tax Defender contracted with John Doe, believed to be a third-party lead generating call center to place calls to thousands of phones numbers of Plaintiff and the Classes." <br> Delete "The calls were unsolicited" |
| 4:27-5:9 | 21. Mr. Cahill set up an account with a mass dialing system known as Phone Burner. <br> 22. Phone Burner is a system that is used to make a large volume of calls. <br> 23. Mr. Cahill set up one account for Cahill Financial and four accounts for Tax Defender. <br> 24. Cahill and employees of Cahill Financial and Tax Defender uploaded lists of consumers to Phone Burner and began making unsolicited calls *en masse*. |
| 5:10-11 | Add "The calls," "and other" and "and Cahill Financial" |
| 5:13-16 | Add "such as Plaintiff, who were registered on the Do Not Call List," "Cahill and his employees" |

|  | |
|---|---|
|  | Remove: "John Doe and had not previously provided John Doe with their phone number" |
| 5:17-18 | Remove "by John Doe," "sold to" and "for further solicitation" Add "used by" and "Cahill Financial" |
| 5:19-21 | Remove "Tax Defender then directly made telephone solicitations to consumers whose information was provided through such leads." |
| 5:22-6:2 | Remove "Tax Defender" and add "Defendants" |
| 14:2 | Remove (*See* Exhibit A) |
| 14:24 | Replace July 18, 2023 with December 12, 2023 |

## V. ARGUMENT

The Ninth Circuit considers five factors in determining whether to grant a plaintiff leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Learjet, Inc. v. ONEOK, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Leave to amend lies "within the sound discretion of the trial court," and the court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for

denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 Fed. App'x 106, 107 (9th Cir. 2021) (same). The party opposing leave to amend bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187.

Plaintiff seeks to amend the Complaint based on what was learned from the Phone Burner subpoena, including alleging that Thomas Cahill and Cahill Financial should be additional named defendants who are directly and vicariously liable for the alleged misconduct. Defendants' failure to oppose the Motion is sufficient reason to grant it. *See* Local Rule 7-12; *Ewing v. Ruano*, CV 09-8471-VAP (ANx), 2012 U.S. Dist. LEXIS 81368, 2012 WL 2138159, at *1 (C.D. Cal. June 12, 2012) ("As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7-12, the Court finds good cause for granting the defendants' unopposed motion to dismiss").

Further, all five *Foman* factors weigh heavily in favor of granting Plaintiff leave to amend. First, there is no bad faith on part of Plaintiff in seeking the Amendment. As alleged in the Complaint, Plaintiff was previously ignorant of the identities of the John Doe Defendants who set up the calling platform and placed the calls soliciting Plaintiff. Plaintiff used what little information Tax Defender provided to send subpoenas to Twilio and Phone Burner to finally identify the Doe Defendants.

Second, Plaintiff has been diligent in timely seeking leave to file the FAC to add Thomas Cahill and Cahill Financial Group as defendants. Plaintiff's motion is timely as she only recently received a response to her subpoena to Phone Burner as of a couple weeks

ago. Plaintiff has acted expeditiously to obtain the discovery needed to ascertain the identities of people and entities who placed the calls, and promptly sought leave to amend as soon as he learned the identity of the John Doe defendant. No undue delay exists.

The addition of the Cahill defendants are necessary, and good cause exists because Cahill's role in the unlawful conduct is central to Plaintiff's claims. The FAC alleges that Thomas Cahill and Cahill Financial set up and used Phone Burner account to generate leads, including making the high-volume tool to make numerous calls to Plaintiff. Thus, the FAC plausibly alleges that the Cahill defendants are directly or indirectly liable for the unlawful conduct at issue in the case.

Third, granting leave to amend would not result in any prejudice to Defendants. Tax Defender has partially responded to Plaintiff's discovery requests, but Plaintiff believes the production was extremely limited and plans to bring a motion to compel. The discovery cut-off date is months away. Prejudice to the opposing party must be substantial to warrant denial of a motion for leave to amend a pleading. *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005). The case is still in its early stages. The fact that Cahill was not able to be named as a defendant sooner is only because of Cahill's refusal to identify Phone Burner earlier through informal means.

Fourth, the amendment would not be futile because Plaintiff properly alleged John Doe in the Complaint. Futility of amendment can, "by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Substituting in place of the John Doe defendants the actual details about who set up the account and how

the calls were made, however, would only further support the claims stated in the Complaint.

The fifth factor also weighs in favor of granting leave to amend. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1060 (9th Cir. 2011). Ordinarily a court should grant leave to amend unless it finds that amendment of the claim would be futile. *See, e.g., Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment"). Here, Plaintiff has not previously amended the Complaint. Accordingly, all five *Foman* factors weigh in favor of granting the instant motion.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant Plaintiff's Motion for Leave to File a First Amended Class Action Complaint.

Respectfully submitted,

Dated: December 26, 2023

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the putative class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Notification was, therefore, automatically sent through the CM/ECF system when Plaintiff filed this document electronically with the United States District Court for the Central District of California CM/ECF system.

I declare under penalty of perjury on the date specified herein that the foregoing is true and correct.

Dated: December 26, 2023            /s/ Mark L. Javitch
                                    Mark L. Javitch