Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff*
And the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually, and on behalf of those similarly situated,<br>Plaintiff,<br>v.<br>TAX DEFENDER USA LLC, et al.,<br>Defendants. | Case No.: 8:23-cv-01287-JWH(KESx)<br><br>**DISCOVERY MATTER**<br><br>NOTICE OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES<br><br>Hon. Karen E. Scott<br>Hearing: January 30, 2024<br>Time: 10:00 a.m.<br>Discovery Cutoff: 10/8/24<br>Pretrial: Not Set |

**NOTICE OF MOTION AND MOTION TO COMPEL**

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on Tuesday, January 30, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D, on the 6th Floor of the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, or by Zoom, depending on the Court's preference, before the Hon. Karen E. Scott, Plaintiff POONAM SUBBAIAH ("Plaintiff"), by and through her attorneys of record, will and hereby does move the Court for an Order overruling objections and compelling supplemental responses from TAX DEFENDER USA LLC and TAX DEFENDER LLC ("Tax Defender") to Plaintiff's Requests for Production Nos. 6-11, 13 from Tax Defender that were served on October 6, 2023.

Plaintiff complied with L.R. 37-1 and 37-2 by attempting to file a joint stipulation with Tax Defender, but Tax Defender did not provide its response to the stipulation. Accordingly, this motion is submitted in the form of a motion to compel instead of a joint stipulation.

Pursuant to L.R. 37-1, on November 22, 2023, Plaintiff emailed to counsel for Tax Defender the meet and confer letter containing all issues in dispute. *See* Exhibit 1 attached to the declaration of Mark L. Javitch, ¶¶ 3-4. ("Javitch Decl.") On December 8, 2023, and December 15, 2023, counsel met and conferred on the telephone, but could not reach a resolution on these issues. Javitch Decl. ¶ 5. Pursuant to L.R. 37-2, on December 11, 2023, Plaintiff emailed to counsel for Defendant the proposed joint stipulation with Plaintiff's portion filled out, and the case's scheduling order, seeking a response within 7 days. *See* Exhibit 2 attached to Javitch Decl. ¶¶ 6-8. As of the date of this filing, Defendant did not respond with its portion of the joint stipulation filled out. *Id*. at ¶ 12.

This motion is based on this notion of motion and motion, the Javitch Declaration, and the attached Exhibits 1-4.

Dated: January 2, 2024

Respectfully submitted

By: /s/ Mark L. Javitch
Mark L. Javitch

*Attorneys for Plaintiff*

**I. INTRODUCTION**

Tax Defender did not contribute its portion of the L.R. 37-2 joint statement. Accordingly, Plaintiff was forced to file this discovery motion in the form of a motion to compel instead of the L.R. 37-2 joint stipulation that is typically required.

In response to Plaintiff's Requests for Production of Documents, Tax Defender asserted boilerplate objections and only provided one category of documents. Tax Defender failed to perform a good faith search for documents and has caused Plaintiff to seek discovery from third parties that demonstrated Tax Defender's responses were erroneous. Accordingly, Plaintiff seeks an order overruling Tax Defender's unsupported objections, ordering Defendant to conduct a good faith search, and award Plaintiff's attorney's fees.

**II. FACTUAL BACKGROUND**

On or around March 14, 2022, Plaintiff started to receive unsolicited phone calls from Tax Defender. Dkt. 1, "Complaint" at ¶ 28. Between March 14, 2022, and April 22, 2022, Tax Defender called Plaintiff 8 (eight) times. *Id*. at ¶ 29. On two of the calls Plaintiff answered, Tax Defender identified their company by name and address. *Id*. at ¶ 30. On April 20, 2022, Plaintiff requested Tax Defender stop calling her. However, Plaintiff received additional calls on April 21, 2022, and April 22, 2022. *Id*. at ¶ 31. Plaintiff sent a letter by mail to Tax Defender requesting a copy of their telemarketing policy, but Plaintiff never heard back. *Id*. at ¶ 32. Plaintiff never provided permission to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions. *Id*. at ¶ 33.

On July 19, 2023, Plaintiff filed this class action under the Telephone Consumer Protection Act ("TCPA"). Complaint. Plaintiff seeks to represent two classes:

> **DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least two phone calls within a 12-month period; (3) on his or her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services and (5) did not provide their phone number to Defendants.
>
> **Recording Class**. All individuals present in California whose cellular telephone or cordless telephone communications were recorded by Defendants.

*Id*. at ¶ 37.

On September 15, 2023, Defendants filed their Answer. Dkt. 16. Plaintiff served her first round of discovery requests on October 6, 2023. Javitch Decl. ¶ 8. Pursuant to agreement, Defendants served their responses on November 15, 2023. *Id*. at ¶ 9.

In response to discovery, Tax Defender claimed it never called Plaintiff. Despite this, Plaintiff identified the line originating the incoming calls as owned by Twilio, Inc. Plaintiff issued subpoena to Twilio, Inc. Twilio responded by identifying the line as a line operated by "Phone Burner."

On November 22, 2023, Plaintiff served a subpoena commanding production of documents on non-party Phone Burner. *See* Declaration of Mark L. Javitch in support of Plaintiff's Motion for Leave to Amend, Dkt. 23-1 ¶ 6. On December 8, 2023, Plaintiff received Phone Burner's response. *Id*. at ¶ 7. Phone Burner responded by identifying an account associated with Tax Defender and Cahill Financial that had called Plaintiff. On December 26, 2023, Plaintiff moved for leave to amend. Dkt. 23.

Pursuant to Local Civil Rule 37-1, on November 22, 2023, Plaintiff emailed to counsel for Tax Defender the meet and confer letter containing all issues in dispute. *See*

Exhibit 1 attached to the declaration of Mark L. Javitch, ¶¶ 3-4. ("Javitch Decl.") On December 8, 2023, and December 15, 2023, counsel met and conferred on the telephone, but could not reach a resolution on these issues. Javitch Decl., ¶ 5. Pursuant to Local Civil Rule 37-2, on December 11, 2023, Plaintiff emailed to counsel for Defendant the proposed joint stipulation with Plaintiff's portion filled out, and the case's scheduling order, seeking a response within 7 days. *See* Exhibit 2 attached to Javitch Decl., ¶¶ 6-7. As of the date of this filing, Defendant did not respond with its portion of the joint stipulation filled out. *Id*. at 12.

## III. LEGAL STANDARD

Generally, discovery may be obtained "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to interrogatories are evasive or incomplete. *See* Fed. R. Civ. P. 37(a). Answers must be made "separately and fully in writing and under oath," and should the party object, "the grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(3)-(4). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)).

Before filing a discovery motion, counsel for the parties must meet and confer in a good faith effort to eliminate the need for a hearing on the motion or eliminate as many of the disputes as possible. L.R. 37-1. It is "the responsibility of counsel for the moving party to arrange for this conference." *Id*. Counsel the opposing party must confer with counsel for the moving party within 10 days after a request for a conference of counsel. *Id*. If the dispute is not settled, the parties must prepare a "written stipulation" to "be filed and served with the notice of motion." L.R. 37-2. The stipulation "must be set forth in one document

signed by both counsel" and "contain all issues in dispute and, with respect to each such issue, the contentions and points of authorities of each party." L.R. 37-2.1.

## IV. ARGUMENT

### A. THIS FILING IS PERMISSIBLE IN THE FORM OF A MOTION BECAUSE TAX DEFENDER DID NOT COMPLETE ITS PORTION OF THE 37-2 STIPULATION

The instant motion was not filed in the form of a joint stipulation as required for all discovery motions under L.R. 37-2 because that requirement is excused where a party has failed to provide its portion of the joint stipulation in a timely manner. *See* L.R. 37-2.2; L.R. 37-2.4.

Here, Plaintiff diligently met and conferred with Tax Defender regarding their lack of responses at issue in this motion. Pursuant to L.R. 37-1, on November 22, 2023, Plaintiff emailed to counsel for Defendant Plaintiff's 37-1 meet and confer letter containing all issues in dispute. *See* Exhibit 1 attached to the declaration of Mark L. Javitch ¶¶ 3-4. ("Javitch Decl.") On December 8, 2023, and December 15, 2023, counsel met and conferred on the telephone, but could not reach a resolution on these issues. Javitch Decl. ¶ 5. Pursuant to L.R. 37-2, on December 11, 2023, Plaintiff emailed to counsel for Defendant the proposed joint stipulation with Plaintiff's portion filled out, and the case's scheduling order, seeking a response within 7 days. *See* Exhibit 2 attached to Javitch Decl. ¶¶ 6-8. As such, Plaintiff's failure to file a joint stipulation is excused. L.R. 37-2.4.

### B. THE COURT SHOULD OVERRULE TAX DEFENDER'S BOILERPLATE OBJECTIONS AND COMPEL FURTHER RESPONSES

Plaintiff's discovery requests are standard requests in a TCPA class action case regarding Defendant's source of phone numbers (leads), call logs, consent, and telephone equipment. Defendant responded only with boilerplate objections and failed to provide any category of documents besides its purported telemarketing procedures. Plaintiff makes a number of boilerplate objections in responding to the RFPs. "But boilerplate objections do not suffice and there is no ground upon which to reasonably argue otherwise." *See Brevoort*

*v. G4S Secure Sols. (USA) Inc.*, No. CV 20-5432-CJC (PVCx), 2022 U.S. Dist. LEXIS 137704, 2022 WL 3012529, at *5 (C.D. Cal. June 21, 2022); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Tax Defender's lack of diligence in responding to Plaintiff's discovery has caused additional time and expense to Plaintiff. Plaintiff issued discovery requests and received incorrect responses from Tax Defender, forcing Plaintiff to conduct additional discovery by issuing subpoenas to Twilio and Phone Burner.

INTERROGATORY NO. 3:

Explain how you (or anyone acting on your behalf) contacted Plaintiff.

RESPONSE TO INTERROGATORY NO. 3:

> Defendants object to this interrogatory as irrelevant since ***Defendants never contacted Plaintiff***. Defendants further object to this interrogatory as irrelevant and overbroad as it calls for speculation regarding actions of a third-party. Subject to the foregoing objections, Defendants lack sufficient knowledge or information to respond to this Interrogatory No. 3. (emphasis added).

*See* Exhibit 4 attached to Javitch Decl. ¶¶ 10-11.

Because Tax Defender claims that it never called Plaintiff, Plaintiff was forced to conduct additional costly discovery. Plaintiff served a Rule 45 subpoena on Tax Defender's phone vendor, Twilio. Twilio identified Phone Burner, a high-volume telecommunications platform. Plaintiff served a Rule 45 subpoena on Phone Burner, and Phone Burner confirmed that Tax Defender's Phone Burner account was indeed used to call Plaintiff, but indicated that calling records may have been deleted. Despite Phone Burner simultaneously informing Tax Defender and Plaintiff of its subpoena response, Tax Defender still fails to correct its discovery responses to reflect that Tax Defender's initial assertions were incorrect.

In Plaintiff's Requests for Production of Documents Nos. 6-11 and 13, Plaintiff requested the following categories of documents:

| Category | Request | Objections | Produced |
|---|---|---|---|
| Communications related to placing phone calls | RFP No. 6 | ACP (1), WPP (2), Overbroad and, Burdensome (3), Irrelevant (4), Premature (5) | None |
| Lead and Prospect lists | RFP No. 7 | 3, 5 | None |
| Prior complaints | RFP No. 8 | 3-5 | None |
| Telephone system | RFP No. 9 | 3-5, Not in Possession (6) | None |
| Call detail logs | RFP No. 10 | 3, 5-6 | None |
| Consent | RFP No. 11 | 3, 5 | None |
| Audits | RFP No. 13 | 1-3, 6 | None |

*See* Exhibit 4 attached to Javitch Decl. ¶¶ 10-11.

None of Tax Defender's objections are supported. Plaintiff's requests are relevant, and Defendants' objections should be overruled.

a. Tax Defender's relevance objection for phone-call related communications should be overruled.

Tax Defender objects to Request for Production No. 6 seeking communications related to placing phone calls on the grounds that the request seeks irrelevant information. However, this objection is unsupported. Plaintiff's requests are all standard requests in a TCPA action and relate to how phone numbers were gathered and how Tax Defender used its vendor to place the calls. This is directly related to the substance of this dispute, which is Tax Defender's allegedly illegal telemarketing calls. Relevancy is broadly construed for purposes of discovery. ". . .a request for discovery should be considered relevant if there is

any possibility that the information sought may be relevant to the claim or defense of any party." *Transcor, Inc. v. Furney Charters, Inc*., 212 F.R.D. 588, 591 (D. Kan. 2003). Accordingly, this objection should be overruled.

b. Tax Defender's overbroad and burdensome objections should be overruled

Tax Defender objects to RFP 6-11 and 13 because the requests are overbroad and burdensome. However, merely mentioning that requests are overbroad and burdensome without further evidence is not adequate to voice a successful objection. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections."). Accordingly, these overbroad and burdensome objections should be overruled.

Tax Defender also objects to RFP Nos. 6-7, 9, 10-11, 13 because the requests are not limited in time and scope. On the contrary, the request is tailored to correspond to the time period in the class definition. *See In re New Century*, No. CV 07-0931 DDP (FMOx), 2009 U.S. Dist. LEXIS 133786, 2009 WL 9568860, at *7-9 (C.D. Cal. July 8, 2009). Further, a purportedly overbroad temporal scope is not a basis for failing to respond. Tax Defender should have responded for the time periods it did not dispute were discoverable. *See id* at *9. Accordingly, Tax Defender's overbroad and burdensome objections based on the notion that the time and scope are unlimited should be overruled.

c. Tax Defender's attorney-client and work product privilege objections should be overruled

Tax Defender objects to RFP Nos. 6 and 13 because they purportedly seek information that is privileged by attorney-client privilege and work product privilege. But Tax Defender cannot provide the requisite detail to sustain these objections.

Regarding the attorney client privilege, Rule 26(b)(5) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: . . . (i)

expressly make the claim; and . . . (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The party asserting the privilege or protection from disclosure bears the burden of proving the applicability of the privilege or protection to a given set of documents or communications. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Tax Defender has failed to explain what is privileged. Accordingly, this objection should be overruled.

Regarding the work product privilege, Tax Defender's assertion fares no better. Documents prepared in the regular course of business do not fall under "work product" and thus are not immune from discovery. *See Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992) (overruling work product objection). Tax Defender how any documents qualify for this privilege by its general assertions. Accordingly, Plaintiff requests that the Court overrule Tax Defender's assertion of the work product privilege.

d. Tax Defender's objection to "premature" class discovery should be overruled

Tax Defender objects to RFP 6, 10 and 13 on the grounds that discovery is premature because no class has been certified. However, such an objection is only proper where discovery is bifurcated. Precertification discovery of class information is generally proper when the plaintiff either makes a prima facie showing that Rule 23 is satisfied or when the plaintiff shows "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also Nguyen v. Baxter Healthcare Corp*., 275 F.R.D. 503, 507 (C.D. Cal. 2011) ("By denying Defendants' motion to dismiss and approving of discovery, [the court] implicitly found that Plaintiffs had made a sufficient showing regarding class certification, or that discovery was likely to produce substantiation of the class allegations.")

Here, Plaintiff has made a prima facie Rule 23 showing in the class action complaint and Defendant has not even attempted to challenge the well-pled allegations through a

motion to dismiss, nor has class discovery been bifurcated. *See e.g., Beets v. Molina Healthcare, Inc*., 2019 U.S. Dist. LEXIS 131104, 2019 WL 2895630, at *5 (C.D. Cal. Apr. 9, 2019) ("Here, the district court expressly declined to bifurcate discovery.") Accordingly, Plaintiff is entitled to discovery sufficient to determine the elements of class certification. Tax Defender's objection that the requests are premature should be overruled.

e. Tax Defender's objection that documents are not in their "possession" should be overruled.

Tax Defender objects to RFP 9, 10 and 13 on the grounds that documents are not in their "possession." However, the relevant inquiry is whether the documents are under a party's *control*, not whether they are in a party's *possession*. A party responding to a Rule 34 production request is under an affirmative duty to seek responsive documents from its employees, agents, and others subject to its control. *See Valdez v. Genesis Healthcare LLC*, 2021 U.S. Dist. LEXIS 243297, 2021 WL 5989963, at *6 (C.D. Cal. Sept. 7, 2021). Accordingly, Plaintiff requests that this objection be overruled, and that Tax Defender should be ordered to conduct an adequate search and submit supplemental responses.

### C. THE COURT SHOULD AWARD PLAINTIFF'S ATTORNEY'S FEES

Fed. R. Civ. P. 37 provides in relevant part:

> If the [discovery motion] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*See Brevoort*, 2022 U.S. Dist. LEXIS 137704, 2022 WL 3012529, at *5.

Tax Defender refused to provide its portion of the joint letter as required under 37-2, forcing Plaintiff to file in the form of a motion, contrary to the Court's preference. Defendant's objections are also not substantially justified. Accordingly, Plaintiff requests

that the Court award Plaintiff's attorney's fees for the time incurred in being forced to bring this discovery motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court overrule Defendant's objections, order Defendant to provide supplemental responses and documents, and award Plaintiff's attorney's fees.

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff*
And those similarly situated

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave. Ste. 200, San Mateo, California, 94401.

On January 2, 2024, I filed this motion to compel, including all declarations and exhibits, via the ECM/CF Case Filing System, which serves all parties of record.

/s/ Mark L. Javitch
Mark L. Javitch