MANTEAU DOWNES LLP
Patrick N. Downes (CSB #186461)
pdownes@manteaudownes.com
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Telephone: 310.497.1780
Facsimile: 310.461.1304

Attorneys for Defendants TAX DEFENDER USA LLC and TAX DEFENDER LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POONAM SUBBAIAH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TAX DEFENDER USA LLC, a New York limited liability company; TAX DEFENDER LLC, a New York limited liability company, d/b/a Tax Defender USA, and JOHN DOE, an unknown business entity,

Defendants.

Case No. 8:23-cv-01287-JWH (KESx)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

[Filed concurrently with Declarations of Patrick N. Downes and Egor Kravtsov]

Hearing Date: January 30, 2024
Time: 10:00 a.m.
Courtroom: 6D

## I. INTRODUCTION

Plaintiff precipitously filed the instant Motion to Compel ignoring Defendant's correspondence. Nowhere in its Motion to Compel does Plaintiff refer to Defendants' letter responding to Plaintiff's meet and confer. Such letter explained in detail Defendants' arguments in support of their objections. Yet Plaintiff did not attempt to make any changes to its requests and simply repeated the statements from the meet and confer letter within her Motion to Compel. Further, Plaintiff's discovery requests are either facially overbroad and irrelevant or premature in the absence of a class certification. Plaintiff's Motion to Compel should therefore be denied.

## II. ARGUMENT

### A. Defendants Engaged in a Good Faith Dialogue with Plaintiff.

As Plaintiff itself states in the Motion to Compel, counsel must "eliminate as many of the disputes as possible" and must confer in "good faith efforts" before involving the Courts. L.R. 37-1. Part of the good faith effort is to consider the opposing party's position and attempt to make some changes in order to narrow down the issues. Indeed, in *Soc. Sampling v. Dennis*, the court held that "where a moving party's discovery request seeks relevant information but the responding party makes a good-faith objection on the ground that the request is somewhat over broad, the moving party must make a good-faith effort to eliminate the need for the court's intervention by offering to narrow the nature or scope of the request in an objectively reasonable manner." *Soc. Sampling, Inc. v. Dennis Garberg & Assocs., Inc.*, No. SACV1300856CJCANX, 2014 WL 12561595, at *1 (C.D. Cal. Aug. 21, 2014). In their reply to Plaintiff's meet and confer letter, Defendants gave precise explanations as to their objections citing to relevant authorities as support. *See*, Declaration of Patrick N. Downes, ("Downes Decl.") ¶ 5; Exh 2. Despite these explanations, Plaintiff made no attempt to narrow its requests and even failed to mention Defendants' reply letter in its motion. Plaintiff also did not mention that for Requests Nos. 8 and 13, Defendants responded that they would conduct reasonable searches and produce responsive documents, if any, as further discussed below. There is nothing to compel on these requests, but that did not stop Plaintiff from

including these requests in her motion. Plaintiff is simply attempting to manufacture a discovery dispute.

Moreover, Plaintiff completely ignored Defendants' explanation that they never contacted Plaintiff and instead portrayed the issue as Defendants concealing information. Defendants explained to Plaintiff during their meet and confer that Defendants' records and archives did not have any information relating to the call made to Plaintiff. Downes Decl., ¶¶ 3, 5; Declaration of Egor Kravtsov, ¶¶ 2-4. ("Kravtsov Decl."). Defendants conducted a reasonable search of such information in their files, but did not find any information or document establishing contact with Plaintiff. Kravtsov Decl. ¶¶ 2-4; Downes Decl., ¶ 3. This is hardly surprising since Defendants stopped telemarketing in roughly July or August of 2022.

Therefore, at that time, Defendants responded to Plaintiff's discovery requests with a good faith belief that they had never contacted Plaintiff because none of the available records identify Plaintiff or her phone number. The parties xchanged such information informally precisely so Defendants could search for Plaintiff. In its Motion to Compel, Plaintiff also accuses Defendants of "forcing" Plaintiff to conduct additional discovery, but the fact that Plaintiff served two simple subpoenas, without objection or interference from Defendants, can hardly be considered onerous.[1]

**B. Plaintiff compels further responses on requests that Defendants already agreed to produce.**

In response to Request Nos. 8 and 13, Defendants stated that they would conduct a reasonably diligent search and produce the documents responsive to such request, if any. As such, these responses render moot Plaintiff's motion to compel. The illegitimacy of this motion is particularly illustrated by Request No. 8 where Defendants identified the two responsive lawsuits in response to Interrogatory No. 12. The dockets from those lawsuits have now been produced, but these documents contain no new information.

---

[1] Defendants' responses to interrogatories and requests for admission are not at issue here.

**C. Plaintiffs' requests are facially overbroad and irrelevant.**

Plaintiffs' requests for production No. 6-7 and 9 ("RFP 6";"RFP 7"; "RFP 9") are facially overbroad and irrelevant to the instant suit. Such RFPs requested the following documents:

**REQUEST FOR PRODUCTION NO. 6:**

Documents and communications exchanged between you and any person or entity involved in placing phone calls soliciting Your services, including prior negotiations, promotional material, contracts, instructions, guidelines, scripts, invoices, receipts, sales reports, and any other correspondence.

**REQUEST FOR PRODUCTION NO. 7:**

Documents showing all lead and prospect lists for people who you or someone or on your behalf called to solicit Your services since July 18, 2019, including all identifying information of the people you were trying to contact.

**REQUEST FOR PRODUCTION NO. 9:**

Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to place phone calls, such as the calls placed to Plaintiff, by you or any third party on your behalf since July 18, 2019.

Discovery requests which are not limited in time and in scope are facially overbroad. *In re Pioneer Corp.*, No. CV 18-4524 JAK (SSX), 2018 WL 4963126, at *6 (C.D. Cal. Aug. 27, 2018) ("The Court found that the requests were facially overbroad because they were not limited as to time."); *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 387 (D. Kan. 2005) ("may be facially overbroad when they contain omnibus terms that modify a large category of documents that make arduous the task of deciding which of numerous documents may conceivably fall within its scope."); *Moss v. Blue Cross and Blue Shield of Kan.*, 241 F.R.D. 683, 690 (D. Kan. 2006) (the lack of temporal scope renders a discovery request facially objectionable.). In addition, a party may only obtain discovery of materials that are both relevant and proportional to the needs of a specific case. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."). Here, elements relevant to a TCPA claim as set forth in Plaintiff's Complaint include information

pertaining to whether a call was made to Plaintiff by Defendant or on behalf of Defendant, and if such call was made without Plaintiff's consent. 47 U.S.C. § 227(b). The RFPs cited above are not properly limited in scope nor relevant to the elements of a TCPA claim.

RFP 6 is neither limited in time nor limited in scope. Even accepting Plaintiff's position that the response should be limited to the time period in the class definition (a limitation not contained in the actual discovery request), the scope of the request is facially overbroad as it requests any and all communications with any person or entity involved in placing phone calls, even if such communications are not remotely related to any element of a TCPA claim. Indeed, the catch-all term "and any other correspondence" significantly expands the breadth of the request giving no indication as to the relation between such documents and the claims here. In addition, RFP 6 refers y to promotional materials, invoices, and receipts, which have no relation to Plaintiff's claims. Plaintiff has never bothered to explain how such documents are relevant.

Similarly, RFP 7 refers to all documents pertaining to "all lead and prospects lists" and "all identifying information" of consumers. This is clearly class discovery. RFP 7 is in no way limited to information pertaining to whether a call was made to Plaintiff by Defendant or on behalf of Defendant, and if such call was made without Plaintiff's consent. RFP 7 is also premature for the reasons set forth in Section D hereof.

Lastly, RFP No. 9 refers to documents "relating to" equipment and systems used to place phone calls by Defendants or by third parties. Based on the allegations in the Complaint, the systems or equipment for phone calls are irrelevant. Indeed, the Complaint makes no mention of an auto dialer, of any telephone equipment. In any event, Plaintiffs now know that Defendants used 8 x 8 and Phone Burner as their phone systems, and these are the only phone systems used by Defendants. There is nothing further to compel here.

**D. Plaintiff's requests are premature in the absence of any class certification.**

Plaintiffs' requests for production No. 7 (cited above), 10-11 and 13 ("RFP 10"; "RFP 11"; "RFP 13") are premature at this stage in the absence of any class certification. Such RFPs requested the following documents:

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

Call detail logs in their original electronic format for phone calls placed by you or on your behalf to promote or sell your services, since July 18, 2019.

**<u>REQUEST FOR PRODUCTION NO. 11</u>**:

All documents evidencing consent to receive phone calls, for all the phone number you (or someone on your behalf) placed phone calls to since July 18, 2019.

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

Documents relating to due diligence, audits, inspections, certifications of compliance, oversight, and monitoring of your marketing activities and those of persons placing calls on your behalf since July 18, 2019.

These requests only serve to identify potential class members and do not pertain to calls made to Plaintiff or to Plaintiff's consent. Plaintiff argues that the requests are proper when the plaintiff makes a prima facie class certification showing under Rule 23 and that Plaintiff has made such a showing in its Complaint without any explanation. However, the class allegations in the Complaint are composed of pure boilerplate and are not supported by any specificity or evidentiary support. *Manigo v. Time Warner Cable, Inc.*, No. CV166722JFWPLAX, 2016 WL 9281314, at *2 (C.D. Cal. Dec. 29, 2016) (Plaintiffs' speculation as to what the broad discovery that they seek might show is insufficient to meet their burden of showing that additional discovery is "likely to produce substantiation of the class allegations."). For this reason, Plaintiffs' authority is distinguishable.

Plaintiff is only attempting to wrongfully obtain contact information to contact potential class members in advance of class certification. Courts will not compel such discovery requests. *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *5 (E.D.N.Y. May 27, 2010) ("[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification.").[2] Plaintiff

---

[2] Should the Court find that the requests are not premature and compels further responses, Defendants should not be compelled to identify the names and contact information of potential

completely ignores this authority in her motion.

Further, should the Court overrule Defendants' objection, Defendants have already conducted a reasonable search and did not find any responsive documents in its possession beyond what it has already produced. There is nothing further to compel on these three requests either.

**E. Attorneys' Fees Are Unwarranted.**

As Defendants have participated in good faith in meet and confer conferences with Plaintiff and has provided responses to Plaintiff as to its discovery responses — Plaintiff should not be awarded its attorney's fees. Fed. R. Civ. P. 37(a)(5) provides that a prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except if: "(1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Here, as explained above, Defendants laid out their position, which did not cause Plaintiff to change its posture. In addition, Defendants' objections all have legal support and have substantial justification given the prima facia overbreadth of the requests, and the absence of a class certification. *See, Madeira v. Converse, Inc.*, No. SACV19154CJCSPX, 2019 WL 7877349, at *6 (C.D. Cal. Dec. 19, 2019) ("Plaintiff's motion here has not been granted in full, and the court finds that defendant's position in withholding some categories of documents, and disputing what percentage of others should be produced, was substantially justified. Given these circumstances, an award of expenses would be unjust.") Indeed, Plaintiffs seek to move to compel two responses that Defendants had already agreed to produce. Accordingly, Plaintiff's request for sanctions should be denied.

---

class members in order to protect such members' privacy rights. The information needed for Plaintiff's certification arguments do not require the disclosure of specific identification information. *Swelnis v. Universal Fidelity*, 2014 WL 1571323 (2014) (the court held that plaintiff was not entitled to contact information for potential class members because plaintiff only needed information sufficient to show numerosity). It is ironic that Plaintiff objects to being contacted because she allegedly did not consent but seeks the information of other consumers who have not consented to have their information disclosed to her. Defendants should not be expected to disclose such information absent an order, such as a class certification order.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel and Plaintiff can serve requests related to issues raised by the pleadings.

Dated: January 16, 2024

MANTEAU DOWNES LLP

By: /s/ Patrick N. Downes
Patrick N. Downes
Attorney for Defendants Tax Defender USA LLC and Tax Defender LLC