UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01287-JWH-KES | Date | January 17, 2024 |
| Title | *Poonam Subbaiah v. Tax Defender USA LLC, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Erica Bustos for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):
None Present                            None Present

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION FOR LEAVE TO AMEND [ECF No. 23]**

Before the Court is the unopposed motion of Plaintiff Poonam Subbaiah for leave to amend his Complaint.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support,[2] and in the absence of any opposition, the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

---

[1]   Pl.'s Mot. for Leave to File First Am. Compl. (the "Motion") [ECF No. 23].

[2]   The Court considered the documents of record in this action, including the following papers:  (1) Compl. (the "Complaint") [ECF No. 1]; and (2) Motion (including its attachments).

# I. BACKGROUND

Subbaiah filed his Complaint, on behalf of himself and all others similarly situated, in July 2023.[3] He filed the instant Motion in December 2023.[4]

# II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a district court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying Rule 15(a) is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). However, leave to amend is "not automatic." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *1 (C.D. Cal. July 8, 2020). The Ninth Circuit instructs courts to consider five factors when deciding a motion for leave to amend under Rule 15(a): (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended his or her complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Of those factors, prejudice to the opposing party is the consideration "that carries the greatest weight." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

# III. ANALYSIS

After considering the factors set forth by the Ninth Circuit, the Court grants Subbaiah's Motion. The Court finds no bad faith. Subbaiah has not unduly delayed, given that he seeks to amend based upon information that he learned in December 2023—the same month that he filed this Motion—in the course of discovery, from a response to a subpoena.[5] The Court finds that the opposing

---

[3]    *See* Complaint.

[4]    *See* Motion.

[5]    *Id.* at 3:1–4 & 6:5-9.

parties will not be prejudiced. Amendment does not appear to be futile. Finally, Subbaiah has not previously amended his pleading.

Therefore, all of the *Nunes* factors suggest that Subbaiah's instant request for leave to amend should be granted. Accordingly, the Court **GRANTS** the Motion.

### IV.  DISPOSITION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Subbaiah's instant Motion is **GRANTED**.

2. Subbaiah is **DIRECTED** to file his amended pleading no later than February 2, 2024. As with any amended pleading in this Court, Subbaiah must also concurrently file a redlined copy of the Amended Complaint as a Notice of Revisions, which compares—in redline form—the amended pleading with the previous pleading.

3. Current Defendants Tax Defender USA LLC and Tax Defender LLC, and new Defendants Cahill Capital Inc., Cahill Financial Group Management LLC, and Thomas Cahill are **DIRECTED** to file their respective responses to Subbaiah's operative pleading no later than February 16, 2024.

4. The hearing on the Motion set for January 26, 2024, is **VACATED**.

**IT IS SO ORDERED.**