Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff*
And the putative class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POONAM SUBBAIAH, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAX DEFENDER USA LLC, et al.,<br><br>Defendants. | Case No.: 8:23-cv-01287-JWH(KESx)<br><br>**DISCOVERY MATTER**<br><br>REPLY ISO MOTION TO COMPEL FURTHER DISCOVERY RESPONSES<br><br>Hon. Karen E. Scott<br>Hearing: January 30, 2024<br>Time: 10:00 a.m.<br>Discovery Cutoff: 10/8/24<br>Pretrial: Not Set |

## I. INTRODUCTION

Tax Defender confidently claims it did not call Plaintiff, but then reveals that its search did not include Phone Burner. Phone Burner independently confirmed that a call was initiated from Defendants' account. Because Tax Defender insists it did not call Plaintiff, it refuses to produce more than its telemarketing policy and a case docket.

Tax Defender claims that Plaintiff ignored its response to its 37-1 letter, but Plaintiff sent its 37-2 joint stipulation at the appropriate time and then waited for weeks past the 37-2 deadline to receive Tax Defender's portion of the stipulation, but Tax Defender did not contribute its portion of the L.R. 37-2 joint statement.

Tax Defender's 37-1 letter and its opposition brief contains boilerplate objections. Accordingly, Plaintiff seeks an order overruling Tax Defender's unsupported objections, ordering Defendant to conduct a good faith search, and award Plaintiff's attorney's fees.

## II. ARGUMENT

Tax Defender asserts an illogical defense as to why it believes it did not call Plaintiff. Because it couldn't find Plaintiff's phone number in its 8x8 search, Tax Defender believes it did not place any calls to Plaintiff.

But this is a merits defense, not a discovery defense. And it is a non sequitur. Tax Defender now admits it used *both* Phone Burner and 8x8. Tax Defender cannot conclude that it placed *no* call to Plaintiff when it admits it only searched *one* of its *two* telephone vendors (Tax Defender did not ask Phone Burner for records because it is no longer a customer). When subpoenaed about Plaintiff's phone number, Phone Burner confirmed that Defendants had an account with Phone Burner that had dialed Plaintiff's number. If there is any doubt, Plaintiff seeks to show the subpoena response to the Court. The account had four users who had email addresses from Tax Defender and one user who had an email address from Cahill Financial. Phone Burner produced a phone record showing a call from Tax Defender and Cahill's account to Plaintiff's phone number. The call log that was produced was for a call to Plaintiff on April 14, 2022. Phone Burner marked its response "confidential," so Plaintiff seeks leave to show the Court Phone Burner's response *in*

*camera*. In short, there is no basis to conclude that Tax Defender did not call Plaintiff. In any case, it is not a defense to discovery.

### A. TAX DEFENDER ADMITS THAT ITS SEARCH IS INADEQUATE

Despite Tax Defender receiving the response from Phone Burner showing a call from its account placed to Plaintiff, Tax Defender boldly states it conducted a "thorough" search for Plaintiff and her phone number and did not locate anything. But its declaration buries the lede by admitting it did not even attempt to search Phone Burner because it did not have access to that account. Tax Defender also acknowledges email accounts were deleted. This cannot constitute a thorough search. Egor Kravsov's declaration states:

> When Defendants performed telemarketing, Defendants used two telephone vendors: Phone Burner and 8x8, Inc. At the time of the Complaint, the Phone Burner account was closed and could not be accessed. I therefore checked with the remaining vendor, 8x8, Inc. On September 13, 2023, I received a response from 8x8, Inc. which stated that Plaintiff's phone number was not associated with Defendants' account. In addition, when Defendants were conducting telemarketing, the leads were sent to email accounts and stored there. I searched within Defendants' remaining email accounts and found no record of Plaintiff or her phone number. Therefore, upon receipt of 8x8, Inc.'s response and in light of my searches, I believed Defendants had not called Plaintiff. However, it is possible that leads were sent to certain email accounts that were closed before this lawsuit.

*See* Dkt. 28-2.

Accordingly, Tax Defender's claim that it did not call Plaintiff is misleading and based only on a lack of knowledge and inquiry. Either way, this is a merits defense and does not entitle Defendants to refuse to search through their emails for Plaintiff's valid requests such as prior complaints, lead lists, consent, correspondence, and documents related to Phone Burner.


## B. THE COURT SHOULD OVERRULE TAX DEFENDER'S BOILERPLATE OBJECTIONS AND COMPEL FURTHER RESPONSES

Tax Defender takes issue with Plaintiff's requests, but Plaintiff's discovery requests are standard requests in a TCPA class action case regarding Defendant's source of phone numbers (leads), call logs, and consent.

Defendant responded only with boilerplate objections and failed to provide any category of documents besides its purported telemarketing procedures and one complaint already in the public record. "But boilerplate objections do not suffice and there is no ground upon which to reasonably argue otherwise." *See Brevoort v. G4S Secure Sols. (USA) Inc.*, No. CV 20-5432-CJC (PVCx), 2022 U.S. Dist. LEXIS 137704, 2022 WL 3012529, at *5 (C.D. Cal. June 21, 2022); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

In Plaintiff's Requests for Production of Documents Nos. 6-11 and 13, Plaintiff requested the following categories of documents:

| Category | Request | Objections | Produced |
|---|---|---|---|
| Communications related to placing phone calls | RFP No. 6 | ACP (1), WPP (2), Overbroad and, Burdensome (3), Irrelevant (4), Premature (5) | None |
| Lead and Prospect lists | RFP No. 7 | 3, 5 | None |
| Prior complaints | RFP No. 8 | 3-5 | Public only |
| Telephone system | RFP No. 9 | 3-5, Not in Possession (6) | None |

| Call detail logs | RFP No. 10 | 3, 5-6 | None |
| Consent | RFP No. 11 | 3, 5 | None |
| Audits | RFP No. 13 | 1-3, 6 | None |

None of Tax Defender's objections are supported. Plaintiff's requests are relevant, and Defendants' objections should be overruled.

      a.    Tax Defender's relevance objection for phone-call related communications should be overruled.

Tax Defender objects to Request for Production No. 6 seeking communications related to placing phone calls on the grounds that the request seeks irrelevant information. However, this objection is unsupported. Plaintiff's requests are all standard requests in a TCPA action and relate to how phone numbers were gathered and how Tax Defender used its vendor to place the calls. This is directly related to the substance of this dispute, which is Tax Defender's allegedly illegal telemarketing calls. Relevancy is broadly construed for purposes of discovery. ". . .a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003). Accordingly, this objection should be overruled.

      b.    Tax Defender's overbroad and burdensome objections should be overruled

Tax Defender objects to RFP 6-11 and 13 because the requests are overbroad and burdensome. Tax Defender takes issue that Plaintiff has not "narrowed" the requests. But Plaintiff has requested counsel meet and confer on keywords to search email custodians. Further, merely mentioning that requests are overbroad and burdensome without further evidence is not adequate to voice a successful objection. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections."). Accordingly, these overbroad and burdensome objections should be overruled.

Tax Defender also objects to RFP Nos. 6-7, 9, 10-11, 13 because the requests are not limited in time and scope. On the contrary, the request is tailored to correspond to the time period in the class definition. *See In re New Century*, No. CV 07-0931 DDP (FMOx), 2009 U.S. Dist. LEXIS 133786, 2009 WL 9568860, at *7-9 (C.D. Cal. July 8, 2009).

Additionally, asserting an overbreadth objection is not a basis for failing to respond in full. Tax Defender should have responded for the time periods it did not dispute were discoverable. *See id* at *9. Accordingly, Tax Defender's overbroad and burdensome objections based on the notion that the time and scope are unlimited should be overruled.

          c.    Tax Defender's attorney-client and work product privilege objections should be overruled

Tax Defender objects to RFP Nos. 6 and 13 because they purportedly seek information that is privileged by attorney-client privilege and work product privilege. But Tax Defender cannot provide the requisite detail to sustain these objections.

Regarding the attorney client privilege, Rule 26(b)(5) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: . . . (i) expressly make the claim; and . . . (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The party asserting the privilege or protection from disclosure bears the burden of proving the applicability of the privilege or protection to a given set of documents or communications. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Tax Defender has failed to explain what is privileged. Accordingly, this objection should be overruled.

Regarding the work product privilege, Tax Defender's assertion fares no better. Documents prepared in the regular course of business do not fall under "work product" and thus are not immune from discovery. *See Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992) (overruling work product objection). Tax Defender how any documents qualify

for this privilege by its general assertions. Accordingly, Plaintiff requests that the Court overrule Tax Defender's assertion of the work product privilege.

###### d. Tax Defender's objection to "premature" class discovery should be overruled

Tax Defender objects to RFP 6, 10 and 13 on the grounds that discovery is premature because no class has been certified. But the scheduling order anticipates a motion for class certification. Discovery from Phone Burner confirms that Tax Defender used the system which is designed for .

However, such an objection is only proper where discovery is bifurcated. Precertification discovery of class information is generally proper when the plaintiff either makes a prima facie showing that Rule 23 is satisfied or when the plaintiff shows "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011) ("By denying Defendants' motion to dismiss and approving of discovery, [the court] implicitly found that Plaintiffs had made a sufficient showing regarding class certification, or that discovery was likely to produce substantiation of the class allegations.")

Here, Plaintiff has made a prima facie Rule 23 showing in the class action complaint and Defendant has not even attempted to challenge the well-pled allegations through a motion to dismiss, nor has class discovery been bifurcated. *See e.g., Beets v. Molina Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 131104, 2019 WL 2895630, at *5 (C.D. Cal. Apr. 9, 2019) ("Here, the district court expressly declined to bifurcate discovery.") Accordingly, Plaintiff is entitled to discovery sufficient to determine the elements of class certification. Tax Defender has also failed to challenge Plaintiff's class allegations in the Complaint or the First Amended Complaint. Tax Defender's objection that the requests are premature should be overruled.

      e.    Tax Defender's objection that documents are not in their "possession" should be overruled.

Tax Defender objects to RFP 9, 10 and 13 on the grounds that documents are not in their "possession." However, the relevant inquiry is whether the documents are under a party's *control*, not whether they are in a party's *possession*. A party responding to a Rule 34 production request is under an affirmative duty to seek responsive documents from its employees, agents, and others subject to its control. *See Valdez v. Genesis Healthcare LLC*, 2021 U.S. Dist. LEXIS 243297, 2021 WL 5989963, at *6 (C.D. Cal. Sept. 7, 2021). Accordingly, Plaintiff requests that this objection be overruled, and that Tax Defender should be ordered to conduct an adequate search and submit supplemental responses.

      f.    Tax Defender's objection that it agreed to produce should be overruled

Tax Defender claims that it agreed to produce documents in RFP 8 and 13, so the Court should not grant the motion to compel as to those requests. However, Tax Defender did not produce documents or provide a date for production in response to these requests, so Plaintiff's motion is warranted. *See* 2015 Adv. Comm. Note to Fed. R. Civ. P. 34(b)(2)(B) ("The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response.")

Further, Tax Defender claims it produced prior complaints, but it only produced formal complaints and it did not appear to search for informal complaints in its correspondence.

    **C.**    **THE COURT SHOULD AWARD PLAINTIFF'S ATTORNEY'S FEES**

Fed. R. Civ. P. 37 provides in relevant part:

> If the [discovery motion] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the

movant's reasonable expenses incurred in making the motion, including attorney's fees.

See Brevoort, 2022 U.S. Dist. LEXIS 137704, 2022 WL 3012529, at *5.

Tax Defender's only defense to not providing its portion of the 37-2 stipulation is that it put its portion in a letter in response to Plaintiff's 37-1 letter. But this does not justify its failure to provide its portion of the joint letter as required under 37-2, which forced Plaintiff to draft additional documents in the form of a motion and contrary to the Court's preference. Further, this dispute comes after Plaintiff has had to conduct third party discovery to learn that Tax Defender's representations that they did not call Plaintiff are built on a lack of knowledge. Defendants' objections are also not substantially justified. Accordingly, Plaintiff requests that the Court award Plaintiff's attorney's fees for the time incurred in being forced to bring this discovery motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court overrule Defendants' objections, order Defendants to provide supplemental responses and documents, and award Plaintiff's attorney's fees.

Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff*
And those similarly situated

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave. Ste. 200, San Mateo, California, 94401.

On January 23, 2024, I filed this motion to compel, including all declarations and exhibits, via the ECM/CF Case Filing System, which serves all parties of record.

/s/ Mark L. Javitch
Mark L. Javitch